Samuel Yu, Esq. (SBN 251636)
Kahana & Feld LLP
2603 Main Street, Suite 900
Irvine, CA 92614
Telephone (949) 812-4781
Facsimile (949) 245-7597
E-mail: syu@kahanafeld.com

Brett Schatz, Esq.
Wood Herron & Evans L.L.P.
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone (513) 241-2324
Facsimile (513) 241-6234

Attorneys for Plaintiff
Slick Slide LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SLICK SLIDE LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BIG AIR FRANCHISING, LLC, a California Limited Liability Company and a/k/a H20 Partners, LLC<br><br>Defendant. | Case No.: 8:24-cv-00938<br><br>Judge:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NO. D973,821** |

Plaintiff, Slick Slide LLC ("Slick Slide"), for its Complaint against Defendant, Big Air Franchising, LLC a/k/a H20 Partners, LLC ("Defendant"), states and alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement and arises under the patent laws of the United States, codified in Title 35 of the United States Code. Specifically, this is an action for inducement of patent infringement under 35 U.S.C. § 271(b). Damages in the form of lost profits or reasonable royalty are sought under 35 U.S.C. § 284. Alternatively, Defendant's total profit is sought under 35 U.S.C. § 289.

## THE PARTIES

2. Plaintiff Slick Slide LLC has a place of business at 4247 E. Casitas Del Rio, Phoenix, Arizona 85050, and is a well-known provider of recreational slides.

3. Defendant has a place of business at 999 Corporate Drive, Suite 215, Ladera Ranch, California 92695. Defendant is a franchisor of trampoline and recreational parks, in which recreational slides are operated.

## JURISDICTION AND VENUE

4. This is a patent infringement case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. Venue in this judicial district is appropriate based on 28 U.S.C. § 1400(b), in that the Defendant resides therein, or the Defendant has committed acts of infringement and has a regular and established place of business therein.

## BACKGROUND FACTS

6. Slick Slide is a family-friendly business, providing entertainment for children and adults in the form of innovative and customized recreational slides. Slick Slide has provided its innovative and customized recreational slides throughout the United States.

7. Slick Slide incorporates unique technology and innovative designs in its products to provide a customized experience for its customers. Slick Slide's

1  products are also customized to its customers' environment, including amusement
2  parks and water parks.  Slick Slide's product offerings include indoor and outdoor
3  customized recreational slides.

4      8.    The slide designs offered by Slick Slide are the original creation of
5  Slick Slide. By way of example only, Slick Slide's Launch Slide design is an original
6  creation of Slick Slide.

7      9.    Slick Slide's Launch Slide design is protected by United States Design
8  Patent No. D973,821, entitled "Recreational Slide" ("the '821 patent"), which issued
9  from the United States Patent and Trademark Office ("USPTO") on December 27,
10 2022, to inventor Gary Schmit.  Mr. Schmit assigned the '821 patent to Slick Slide,
11 which at all times relevant to this action has been the owner of the '821 patent. A copy
12 of the '821 patent is attached to this Complaint as Exhibit A.

13     10.    Slick Slide marks its Launch Slide with the '821 patent, including through
14 its website.

15     11.    Defendant is a franchisor of trampoline and recreational parks.  In
16 connection with its business, Defendant entices its franchisees to cause the offer for
17 sale, manufacture, and importation of recreational slides.  In addition, Defendant
18 entices its franchisees to purchase and use recreational slides.

19     12.    For example, BA NE Charlotte, LLC is a franchisee of Defendant.

20     13.    BA NE Charlotte, LLC purchased and used the slides that are depicted
21 in the image attached hereto as Exhibit B.

22     14.    Defendant caused and enticed BA NE Charlotte, LLC to purchase and
23 use the slides that are depicted in the image attached hereto as Exhibit B.  Defendant
24 did so by instructing BA NE Charlotte, LLC to purchase and use the slides that are
25 depicted in the image attached hereto as Exhibit B.

26     15.    As another example, BA Greenville, LLC is a franchisee of Defendant.
27     16.    BA Greenville, LLC purchased and used the slides that are depicted in
28 the image attached hereto as Exhibit C.

17. Defendant caused and enticed BA Greenville, LLC to purchase and use the slides that are depicted in the image attached hereto as Exhibit C. Defendant did so by instructing BA Greenville, LLC to purchase and use the slides that are depicted in the image attached hereto as Exhibit C.

18. At the time Defendant caused and enticed its franchisees to purchase and use the slides that are depicted in the images attached hereto as Exhibit B and Exhibit C, Defendant was aware of the '821 patent.

19. For example, at least one of Defendant's franchisees emailed a copy of the '821 patent to representatives and employees of Defendant. At that same time, at least one of Defendant's franchisees placed Defendant on notice that the '821 patent claims the ornamental design for a recreational slide. At that same time, at least one of Defendant's franchisees placed Defendant on notice that legal advice was needed in connection with the slides that are depicted in the images attached hereto as Exhibit B and Exhibit C. At that same time, representatives and employees of Defendant discussed the '821 patent in connection with the slides that are depicted in the images attached hereto as Exhibit B and Exhibit C.

20. Defendant caused and enticed its franchisees to purchase and use the slides that are depicted in the images attached hereto as Exhibit B and Exhibit C, and did so knowing that the manufacture, offer for sale, sale, and importation of the slides that are depicted in the images hereto as Exhibit B and Exhibit C constitute infringement of the '821 patent, in part because those slides are intended to be a copy of Slick Slide's Launch Slide. Defendant also did so knowing that the use of the slides that are depicted in the images hereto as Exhibit B and Exhibit C by its franchisees constitutes infringement of the '821 patent, in part because those slides are intended to be a copy of Slick Slide's Launch Slide.

21. The manufacturer of the slides that are depicted in the images attached hereto as Exhibit B and Exhibit C is Dreamland Playground, otherwise referred to as Zhejiang Zhongsheng Amusement Equipment Co., Ltd., and otherwise referred

to as Dreamland Playground Co. Ltd.

22. Defendant facilitated the manufacture of the slides that are depicted in the images attached hereto as Exhibit B and Exhibit C. Specifically, representatives and employees of Defendant communicated and cooperated with Dreamland and thereby coordinated the manufacture of the slides that are depicted in the images attached hereto as Exhibit B and Exhibit C.

23. In connection with its facilitation of the manufacture of the slides that are depicted in the images attached hereto as Exhibit B and Exhibit C, Defendants intended those slides to be a copy of Slick Slide's Launch Slide.

24. Before Defendant's conduct, at least one of Defendant's franchisees was prepared to purchase a recreational slide from Slick Slide. But if not for Defendant's conduct, at least one of Defendant's franchisees would have purchased a recreational slide from Slick Slide.

25. The respective designs of the '821 patent and the recreational slides depicted in the images attached as Exhibit B and Exhibit C are substantially the same such that an ordinary observer, confusing one for the other, would be induced to purchase the infringing design. The ordinary observer in this case is a customer who buys and uses recreational slides that incorporate the patented design.

26. By way of example only, the '821 patent depicts an ornamental and novel hood design that encloses the first section of the claimed slide, and that nearly identical feature is found in the images of the accused products in Exhibit B and Exhibit C. In addition, the '821 patent depicts an ornamental and novel overall slide trajectory, and that nearly identical feature is found in the images of the accused products in Exhibit B and Exhibit C. In addition, the '821 patent depicts an ornamental and novel slide exit trajectory at the end of the slide design, and that nearly identical feature is found in the images of the accused products in Exhibit B and Exhibit C. Thus, the recreational slides depicted in the images attached as Exhibit B and Exhibit C infringe the '821 patent.

27. A comparison the figures of the '821 patent demonstrates that the respective designs of the '821 patent and the recreational slides depicted in the images attached as Exhibit B and Exhibit C are substantially the same such that an ordinary observer, confusing one for the other, would be induced to purchase the infringing design. For example, Figures 1, 2, 3, and 4 of the '821 patent depict a novel hood design that encloses the first section of the claimed slide design that is nearly identical to the hood design of the slides depicted in the images attached as Exhibit B and Exhibit C. In addition, Figures 1, 2, and 7 of the '821 patent depict a novel overall slide exit trajectory that is nearly identical to the overall slide trajectory of the slides depicted in the images attached as Exhibit B and Exhibit C. In addition, Figures 2, 5, and 6 of the '821 patent depict a novel slide exit trajectory that is nearly identical to the exit trajectory of the slides depicted in the images attached as Exhibit B and Exhibit C.

28. The nearly identical nature of the Figures of the '821 patent and the slides depicted in the images attached as Exhibit B and Exhibit C, as described above, would lead the ordinary observer to be deceived into believing that the accused products are the same as the patented design.

29. Defendant is not authorized by Slick Slide in any manner in connection with the '821 patent and has no license thereto.

**COUNT I – INDUCEMENT OF PATENT INFRINGEMENT**

30. The allegations of 1-29 are incorporated by reference as if fully set forth herein.

31. Defendant caused the manufacture, offer for sale, sale, importation, and purchase of the slides that are depicted in the images attached hereto as Exhibit B and Exhibit C. Defendant also convinced the purchasers of the slides that are depicted in the images hereto as Exhibit B and Exhibit C, its franchisees, to have those slides designed, supplied, manufactured, and purchased, through its conduct.

32. Through its conduct, Defendant convinced its franchisees to purchase

5
COMPLAINT FOR PATENT INFRINGEMENT

and use the slides that are depicted in the images hereto as Exhibit B and Exhibit C. In doing so, Defendants induced the infringement of the '821 patent and specifically intended to encourage and facilitate that infringement.

33.   Defendant's acts of inducing patent infringement complained of herein were being carried out willfully and with full knowledge of Slick Slide's rights in the '821 patent. By way of example only, Defendant's acts of inducement of patent infringement were carried out despite having been made aware of the '821 patent, including by its franchisees.

34.   Defendant has induced infringement of the '821 patent thereby. Defendants encouraged its franchisees to infringe the '821 patent thereby.

35.   As a result of Defendant's actions, Slick Slide has suffered and continues to suffer substantial injury, including irreparable injury and monetary damage, including but not limited to the loss of sales and profits, which Slick Slide would have made but for the acts of infringement by the Defendant. Such injury and damage to Slick Slide will continue unless Defendant is enjoined by this Court from further infringement.

WHEREFORE, Slick Slide prays for the following relief against Defendant:

A.   That a judgment be entered against Defendant, that the Defendant has induced infringement of United States Design Patent No. D973,821.

B.   That Defendant, its agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with any or all of them, be enjoined and permanently restrained from further infringement, and further inducement of infringement of, United States Design Patent No. D973,821.

C.   That a judgment be entered requiring each Defendant to pay to Slick Slide monetary damages sustained by Slick Slide due to such acts of infringement, including lost profits or reasonable royalty under 35 U.S.C. § 284, or alternatively,

the Defendant's total profit under 35 U.S.C. § 289.

    D.    That such damages payable to Slick Slide be trebled under 35 U.S.C. § 284 for willful infringement.

    E.    That this case be adjudged and decreed exceptional under 35 U.S.C. § 285, and that Slick Slide be awarded its reasonable attorney fees.

    F.    That Slick Slide be awarded its costs and prejudgment interest on all damages.

    G.    That Slick Slide be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Slick Slide hereby demands and requests trial by jury of all issues raised that are triable by jury.

DATED: May 1, 2024    By: _____
Samuel Yu, Esq.
Kahana & Feld LLP
2603 Main Street, Suite 900
Irvine, CA 92614
Telephone (949) 812-4781
Facsimile (949) 245-7597
E-mail: syu@kahanafeld.com

Brett A. Schatz, Esq.
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone (513) 241-2324
Facsimile (513) 241-6234
E-mail: bschatz@whe-law.com

Attorneys for Plaintiff
Slick Slide LLC