Samuel Yu
Kahana & Feld LLP
2603 Main Street, Suite 350
Irvine, CA 92614
Telephone  (949) 812-4781
Facsimile   (949) 245-7597
E-mail: syu@kahanafeld.com

Brett Schatz
Wood Herron & Evans L.L.P.
600Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone  (513) 241-2324
Facsimile   (513) 241-6234

Attorneys for Plaintiff
Slick Slide LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SLICK SLIDE LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BIG AIR FRANCHISING, LLC, a California Limited Liability Company<br><br>Defendant. | Case No.: 8:24-cv-00938-DOC-JDE<br><br>DISTRICT JUDGE: CARTER<br>MAGISTRATE JUDGE: EARLY<br>DATE: JULY 29, 2024<br>TIME: 8:30 A.M.<br>COURTROOM: 10A |

## PLAINTIFF SLICK SLIDE LLC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION ........................................................................1

II.   FACTUAL ALLEGATIONS IN THE COMPLAINT ...........................3

III.  LEGAL STANDARDS FOR PLEADINGS .............................................6

IV.   ARGUMENT.......................................................................................8

    A.    Slick Slide's FAC Satisfies The Standard For Pleading
          A Claim That Is Plausible On Its Face...............................................8

    B.    Slick Slide's FAC More Than Sufficiently Alleges
          Direct Patent Infringement...............................................................9

    C.    Slick Slide's FAC More Than Sufficiently Alleges
          Induced Patent Infringement ..........................................................11

    D.    Slick Slide's FAC More Than Sufficiently Alleges That
          Defendant's Employees Undertook The Unlawful Acts ..............15

    E.    Slick Slide's FAC Need Not Allege Facts To Anticipate
          Defendant's Defense That Inducement Allegedly Occurred
          Before The '821 Patent Issued, But Did So Anyway ..................16

V.    REQUEST FOR LEAVE TO AMEND ...................................................18

# TABLE OF AUTHORITIES

**PAGE**

## *Cases*

*Arch Ins. Co. v. Allegiant Prof'l Bus. Servs.,*
    No. CV 11-1675 CAS (PJWx), 2011 U.S. Dist. LEXIS 58261,
    (C.D. Cal. May 23, 2011) .......................................................................10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...........................................................................6, 7

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..............6, 7, 8, 9

*Edmond v. City of Chi.,*
    Case No. 17-cv-04858, 2018 U.S. Dist. LEXIS 195184,
    (N.D. Ill. Nov. 15, 2018) ........................................................................17

*Global-Tech Appliances, Inc. v. SEB S.A.,*
    563 U.S. 754 (2011) .........................................................................13, 15

*Goldberg v. United States,*
    881 F.3d 529 (7th Cir. 2018) ...................................................................16

*Grand Gen. Accessories Mfg. v. United Pac. Indus.,*
    No. CV 08-07078 DDP (VBKx), 2009 U.S. Dist. LEXIS 141253,
    (C.D. Cal. June 11, 2009) .........................................................................7

*Howell v. Leprino Foods Co.,*
    No. 1:18-CV-01404-AWI-BAM, 2020 U.S. Dist. LEXIS 25515,
    (E.D. Cal. Feb. 12, 2020).....................................................................7, 16

*Indep. Tr. Corp. v. Stewart Info. Servs. Corp.,*
    665 F.3d 930 (7th Cir. 2012)....................................................................17

*In re Bill of Lading,*
    681 F.3d 1323 (Fed. Cir. 2012).................................................................12

*Limelight Networks, Inc. v. Akamai Techs., Inc.,*
    134 S. Ct. 2111, 189 L. Ed. 2d 52 (2014) .................................................11

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Papasan v. Allain*,
    478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ...........................6

*Resnick v. Hayes*,
    213 F.3d 443 (9th Cir. 2000) ........................................................6

*Ruiz v. General Ins. Co. of Am.*,
    No. 1:20-cv-00218-AWI-EPG, 2020 U.S. Dist. LEXIS 125666,
    (E.D. Cal. July 15, 2020) .............................................................7

*Skinner v. Switzer*,
    562 U.S. 521 (2010) ....................................................................12

*Zellner v. Herrick*,
    639 F.3d 371 (7th Cir. 2011) .......................................................15


**<u>Statutes and Rules</u>**

Fed. R. Civ. P. 12(b)(6) ..................................................................2, 7, 16

Fed. R. Civ. P. 15(a)(2)........................................................................18


**<u>Other Authorities</u>**

5A Wright & Miller, Federal Practice and Procedure § 1356 (1990) ..................7

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# I.    INTRODUCTION

In its Motion to Dismiss, Defendant argues that Plaintiff Slick Slide LLC ("Slick Slide") did not adequately allege in the First Amended Complaint (Dkt. 19, "FAC") that Defendant had knowledge that its actions would result in direct infringement of U.S. Patent No. D973,821 ("the '821 patent"), by its franchisees. In connection with its argument, Defendant argues that the allegations in the FAC are "exceptionally threadbare" and "generic."

Defendant's argument is wholly incorrect, and ignores the incredibly precise details alleged in the FAC.  Those allegations include the exact date on which Defendant became aware of the '821 patent, the exact communication by which it became aware of the '821 patent, the names of the managers and representatives of Defendant involved in that communication, details regarding Defendant's analysis of the '821 patent before it induced infringement, and its subsequent decision, with knowledge of the '821 patent, to convince its franchisees to purchase and use a foreign – manufactured slide intended to be a copy of the Slick Slide product that embodies the '821 patent, all because the franchisees initially wanted to purchase that Slick Slide product.

Thus, Slick Slide's FAC alleges precise facts surrounding Defendant's knowledge of the '821 patent, when it became aware of it, how it became aware of it, and who associated with Defendant was involved.  The FAC also alleges precise facts that, with knowledge of the '821 patent, Defendant set out to, intended to, and

1

did, cause its franchisees to purchase and use a copy of an embodiment of the '821 patent. The suggestion that such details are "exceptionally threadbare" and "generic" cannot be justified.

Based on the facts alleged in the FAC, there is no reasonable dispute regarding the patent being asserted, the products that are directly infringing the '821 patent, the third parties that have directly infringed the '821 patent, the precise acts by the third parties that constitute direct infringement, the precise acts undertaken by Defendant that constitute inducement of patent infringement, or the specific provisions of the patent laws that Defendant violated. Nor could there be any dispute, because these facts are expressly alleged in the FAC.

Against this background, it is important to note that the purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to consider whether Slick Slide's factual allegations plausibly give rise to the relief sought. It is also universally settled that a motion brought pursuant to Rule 12(b)(6) is not designed to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.

Rather, what is important at this very early stage in this case, and what Defendant does not and can not dispute, is that the FAC asserts in great detail the design patent being asserted, the exact products being accused of direct infringement, and the precise alleged acts that Defendant has engaged in that constitute inducement of patent infringement, including Defendant's knowledge of

the '821 patent and its intentional decision to induce others to copy an embodiment of the '821 patent. As a result, it is plausible (indeed, it is very likely) that Slick Slide can and will prove Defendant has induced infringement of the '821 patent.

## II.    FACTUAL ALLEGATIONS IN THE COMPLAINT

In an attempt to unjustifiably bolster the arguments made in its Motion, Defendant largely ignores the detailed allegations in the FAC. Thus, Slick Slide describes them for the Court's benefit.

Slick Slide is a family-friendly business, providing entertainment for children and adults in the form of innovative and customized recreational slides. (Dkt. 19, FAC, at ¶ 6). Slick Slide has provided its innovative and customized recreational slides throughout the United States. *Id.* One of Slick Slide's products is its Launch Slide. The design of the Launch Slide is an embodiment of and protected by the '821 patent. *Id.* at ¶¶ 8-9. A copy of the '821 patent is attached to the FAC as Exhibit A. (Dkt. 19-1, the '821 patent).

Thus, the asserted design patent, the '821 patent, is provided in the FAC (Dkt. 19-1, the '821 patent). Multiple images of the products accused of directly infringing the '821 patent (Dkt. 19, at ¶¶ 13-14, 16-17; Dkt. 19-2 and 19-3, the "Accused Products") are also provided in the FAC. However, the Accused Products are located within the privately-owned buildings operated by Defendant's franchisees, such that the images in the FAC are limited to those available to the public.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant is a franchisor of trampoline and recreational parks. (Dkt. 19, at ¶ 11).  In connection with its business, Defendant entices its franchisees to cause the offer for sale, manufacture, and importation of recreational slides. *Id.*  That is, Defendant entices its franchisees to purchase recreational slides from third parties and use them within their facilities. *Id.*

As alleged in the FAC, Defendant instructed two of its franchisees, BA NE Charlotte, LLC ("Big Air Charlotte") and BA Greenville, LLC ("Big Air Greenville") to purchase and use the slides that are depicted in Exhibits A and B to the FAC. *Id.* at ¶¶ 13-14, 16-17.  Defendant also facilitated the manufacture of the slides, through its representatives and employees, by communicating and cooperating with the foreign-based manufacturer, Dreamland Playground Co., Ltd. ("Dreamland"). *Id.* at ¶¶ 21-22. Defendant also coordinated the use of the slides by Big Air Charlotte and Big Air Greenville by designing and sourcing the slides. *Id.* at ¶¶ 13-14, 16-17.  In fact, Defendant was responsible for the selection and installation of the slides, and also coordinated the offer for sale, sale, and purchase of the slides. *Id.*  At least Zac Wittman, a representative of Defendant, engaged in this conduct. *Id.*

Also based on the facts alleged in the FAC, there can be no confusion over Slick Slide's allegation of direct design patent infringement – the design of the slides used by Defendant's franchisees, when compared to the design of the '821 patent, constitutes design patent infringement. *Id.* at ¶¶ 25-28.  In the FAC, in great

detail, Slick Slide alleges the ornamental and novel design features claimed in the '821 patent, including the hood design that encloses the first section of the claimed slide, the overall slide trajectory, and the slide exit trajectory. *Id.* And, the FAC describes each Figure of the '821 patent, in which Figure each of these ornamental and novel features is disclosed, and where they are found in the infringing slides. *Id.* Each of these features are found in the slides that directly infringe the '821 patent. *Id.*

As it relates to inducement of infringement by Defendant, Slick Slide also described in great detail the manner in which Defendant learned about Slick Slide's Launch Slide and the '821 patent, and how Defendant intended to and did copy that design and the '821 patent. Specifically, Jon Cox of BA NE Charlotte emailed a copy of the '821 patent to Kevin Odekirk and Erin Davis, employees of Defendant. *Id.* at ¶19. This communication took place on February 17, 2023, after the '821 issued. *Id.* Jon Cox of BA NE Charlotte also emailed a copy of the '821 patent to Zac Wittman, a representative of Defendant. *Id.* In doing so, Defendant was on notice that the '821 patent claims the ornamental design for a recreational slide and that legal advice was needed in connection with the slides intended to be used by Defendant's franchisees. *Id.*

Fully aware of the '821 patent, and with concerns over the slides before they had been used, representatives and employees of Defendant discussed the '821 patent in connection with the slides intended to be used by Defendant's

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

franchisees. *Id.* And, despite being aware of the '821 patent, and despite having concerns about it with respect to the infringing slides being considered, Defendant coordinated the use of the slides by Big Air Charlotte and Big Air Greenville by designing and sourcing the slides. *Id.* at ¶¶ 13-14, 16-17. In fact, Defendant was responsible for the installation of the slides, was responsible for the selection of the slides, and was responsible for the coordination of the offer for sale, sale, and purchase of the slides. *Id.*

Defendant's acts were undertaken with the intention that the slides would be a copy of Slick Slide's Launch Slide. *Id.* at ¶ 20. Given that Defendant knew it was copying a product that was an embodiment of and protected by the '821 patent, it knew the slides constituted patent infringement. *Id.*

## III.    LEGAL STANDARD FOR PLEADINGS

Under Federal Rule of Civil Procedure 8(a)(2), a pleading need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, the pleading standard that Rule 8 announces does not require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In evaluating a motion to dismiss, courts assume the allegations in the complaint are true, "and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court

should take the pled facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Grand Gen. Accessories Mfg. v. United Pac. Indus.*, No. CV 08-07078 DDP (VBKx), 2009 U.S. Dist. LEXIS 141253, *4 (C.D. Cal. June 11, 2009) ("When considering a 12(b)(6) motion, all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff.")

Thus, to survive a motion to dismiss, a complaint need only contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *Ashcroft*, 556 U.S. at 678.

Against this backdrop, the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Ruiz v. General Ins. Co. of Am.*, No. 1:20-cv-00218-AWI-EPG, 2020 U.S. Dist. LEXIS 125666, *16 (E.D. Cal. July 15, 2020) ("The purpose of the motion to dismiss is to test the formal sufficiency of the pleadings that constitute the claim. It is not 'a procedure for resolving a contest about the facts or the merits of the case.'" (quoting 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990)).  For this reason, a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. *Howell*

*v. Leprino Foods Co.*, No. 1:18-CV-01404-AWI-BAM, 2020 U.S. Dist. LEXIS 25515, *11 (E.D. Cal. Feb. 12, 2020) ("Furthermore, a complaint need not anticipate or overcome affirmative defenses").

In sum, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561.

## IV.   ARGUMENT

### A.   Slick Slide's FAC Satisfies The Standard For Pleading A Claim That Is Plausible On Its Face

Defendant does not and can not dispute that Slick Slide's FAC (1) alleges that it is the owner of the patent being asserted, *i.e.*, the '821 patent (Dkt. 19, at ¶ 9), (2) identifies the products that directly infringe the '821 patent (*Id.* at ¶¶ 13-14, 16-17), (3) explains in great detail precisely why the products infringe, including through an identification of the novel and ornamental features of the '821 patent and where in the infringing slides those features are found (*Id.* at ¶¶ 25-28), (4) names the Defendant as the party that induced infringement (*Id.* at ¶ 11), (5) explains in precise detail the exact acts undertaken by Defendant that constitute inducement (*Id.* at ¶¶ 11, 14, 17), (6) explains in precise detail how Defendant became aware of the '821 patent (*Id.* at ¶¶ 18-20), and (7) explains that, with knowledge of the '821 patent, proceeded and intended to copy that patent and the Slick Slide product that embodies that patent. (*Id.* at ¶¶ 20-23).

These allegations include precise details.  For example, these allegations include the exact date on which Defendant became aware of the '821 patent, the exact communication by which it became aware of the '821 patent, the names of the managers and representatives of Defendant involved in that communication, and details regarding Defendant's analysis of the '821 patent before it induced infringement. *Id.* at ¶ 19.  These allegations also describe Defendant's subsequent decision, with knowledge of the '821 patent, to convince its franchisees to purchase and use a foreign – manufactured slide intended to be a copy of the Slick Slide product that embodies the '821 patent.  *Id.* at ¶ 20.  For example, Defendant facilitated a copy of the Slick Slide product that embodies the '821 patent, the same patent it considered in its communications with its franchisees, because the franchises initially would have purchased that Slick Slide product. *Id.* at ¶¶ 20, 24.

Against this backdrop, it is simply not true that these allegations are threadbare or generic.  It is also simply not true that liability is merely a possibility.  Rather, these allegations are more than sufficient to "state a claim to relief that is plausible on its face" (*Twombly*, 550 U.S. at 570), and Defendant's Motion should be denied on that basis alone.

**B.  Slick Slide's FAC More Than Sufficiently Alleges Direct Patent Infringement**

Defendant argues that Slick Slide's FAC fails to allege substantial similarity between the accused slides and the claimed ornamental design. (Dkt. 21, at 21-23).

The simple response is that Defendant is wrong, and that Defendant could only make this argument by ignoring the allegations in the FAC.

In no uncertain terms, the FAC describes the ornamental and novel design features claimed in the '821 patent, including the hood design that encloses the first section of the claimed slide, the overall slide trajectory, and the slide exit trajectory. (Dkt. 19, at ¶¶ 25-28). And, the FAC describes each Figure of the '821 patent, in which Figures each of these features are disclosed, and that each is disclosed in the infringing slides. *Id.* Each of these features are found in the slides that directly infringe the '821 patent. *Id.* As a result, according to the FAC, the nearly identical nature of the Figures of the '821 patent and the slides, and the nearly identical features of each, would lead the ordinary observer to be deceived into believing that the accused products are the same as the patented design. *Id.*

Against these detailed allegations, the only complaint Defendant can muster is that the images of the accused slides that are incorporated in the FAC do not show the similarities alleged in the text of the FAC. Defendant's argument fails, because the slides are solely in the possession of Defendant's franchisees and located within their privately-owned buildings. Slick Slide is not required to provide information in the possession of others, particularly at this early stage in the case. *Arch Ins. Co. v. Allegiant Prof'l Bus. Servs.*, No. CV 11-1675 CAS (PJWx), 2011 U.S. Dist. LEXIS 58261, *17-19 (C.D. Cal. May 23, 2011)("Moreover, the Court finds that plaintiff has pleaded its claim with the

requisite particularity, as more specific facts regarding the allegedly false representations were, at the time of the filing of the complaint, uniquely in the possession of defendants.").

What goes undisputed is that Defendant knows all to well the slides that are being accused of infringement, and the particular features of each that result in the infringement.  Knowing full well what Slick Slide's allegations are, and also knowing full well all of the details regarding how the slides infringe, Defendant appears to be demanding more details about exactly how Slick Slide will demonstrate direct infringement.  Such details are not required at this early stage, and of course Slick Slide did not allege every detail because, prior to discovery, only Defendant and its franchisees have that information.  Defendant's argument that more information is required, when that information is at the present moment solely in Defendant's and its franchisees possession, borders bad faith.

### C.   Slick Slide's FAC More Than Sufficiently Alleges Induced Patent Infringement

To *prove* induced infringement, a patentee must demonstrate by a preponderance of the evidence that (1) there was underlying direct infringement, and (2) the accused infringer knowingly induced infringement and possessed specific intent to encourage another's infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117, 189 L. Ed. 2d 52 (2014).  At this early pleading stage, however, Slick Slide need only plead facts sufficient to demonstrate (1) it is plausible that Defendant's franchisees used slides that directly

11

infringe the '821 patent, and (2) it is plausible that Defendant, with knowledge of the '821 patent and a risk of infringement, facilitated that use.

With respect to element (1), as demonstrated above and contrary to Defendant's argument, Slick Slide's FAC sufficiently alleges underlying direct infringement. The FAC explains how and why the slides used by Defendant's franchisees infringe the '821 patent. The '821 patent depicts a novel and ornamental hood design that encloses the first section of the claimed slide, overall slide trajectory, and slide exit trajectory, and each of those features are found in the Accused Products. (Dkt. 19, at ¶¶ 25-28). As a result, according to the FAC, the nearly identical nature of the Figures of the '821 patent and the slides, and the nearly identical features of each, would lead the ordinary observer to be deceived into believing that the accused products are the same as the patented design. *Id.*

With respect to element (2), "to survive [Defendant's] motion to dismiss, therefore, [Slick Slide's FAC] must contain facts plausibly showing that [Defendant] specifically intended their customers to infringe the ['821] patent and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "This does not mean, however, that [Slick Slide] must prove its case at the pleading stage." *Id.*; *Skinner v. Switzer*, 562 U.S. 521, 529 (2010).

Defendant's primary argument is that the FAC fails to allege facts that it had knowledge of the underlying direct infringement. (Dkt. 21, at 13-19). As it must,

however, Defendant concedes that only belief of infringement, or indifference to a known risk of infringement, *i.e.*, willful blindness, is sufficient. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011).  The FAC far exceeds both, and Defendant once again resorts to ignoring the facts pled in the FAC.

Specifically, Defendant argues that "[t]he only cited support for these assertions within Count I [induced patent infringement] is the statement that [Defendant's] alleged acts of inducement....were carried out despite having been made aware of the '821 patent." (Dkt. 21, at 14).  Defendant is wrong – the FAC alleges much more.

It is true that Defendant was fully aware of the '821 patent.  Indeed, its own franchisees notified Defendant about Slick Slide's '821 patent, and also notified Defendant that the '821 patent was a concern with respect to the same slides Defendant was instructing them to purchase and use. *Id.* at ¶ 19.   With that knowledge, and prompted by the concern raised by its franchisees over the '821 patent with respect to the slides being considered, representatives and employees of Defendant discussed the '821 patent and did so in connection with the slides ultimately used in an infringing manner. *Id.*  And, despite being aware of the '821 patent, and despite having concerns about it with respect to the infringing slides being considered, Defendant coordinated the use of the slides by Big Air Charlotte and Big Air Greenville by designing and sourcing the slides. *Id.* at ¶¶ 13-14, 16-17. In fact, Defendant was responsible for the installation of the slides, was responsible

---

13

for the selection of the slides, and was responsible for the coordination of the offer for sale, sale, and purchase of the slides. *Id.*

Defendant's acts were undertaken with the intention that the slides would be a copy of Slick Slide's Launch Slide. *Id.* at ¶ 20.  Given that Defendant knew the slides were to be a copy of a product that was protected by the '821 patent, it knew they constituted patent infringement. *Id.*

Contrary to Defendant's argument, this is not a "naked assertion." (Dkt. 21, at 15).  That is because, as alleged in the FAC, "[b]efore Defendant's conduct, at least one of Defendant's franchisees was prepared to purchase a recreational slide from Slick Slide." (Dkt. 19, at ¶ 24).  That is, Defendant's franchisees wanted to and would have purchased a Slick Slide product, but for Defendant's conduct. *Id.* When these facts are considered favorably to Slick Slide, as they must at this early stage in the case, they demonstrate that Defendant's franchisees wanted a Slick Slide slide, but rather than doing so, Defendant facilitated a foreign-manufactured copy. And, this was done while Defendant was fully aware of the '821 patent and after discussing concerns about it.

These allegations are more than sufficient to put Defendant on notice regarding the wrongful conduct it is alleged to have undertaken.  These allegations also demonstrate that Defendant was aware of the '821 patent, and was aware of concerns about patent infringement with respect to the Accused Products, and was aware of these concerns before it designed, sourced, and took responsibility for

installation of the slides.  These facts demonstrate Defendant's belief of infringement, or at least indifference to a known risk of infringement, *i.e.*, willful blindness. *Global-Tech*, 563 U.S. at 766, 769.

Slick Slide can prove these facts, and if it does so, it is entitled to relief for inducing patent infringement.  As such, its FAC should not be dismissed. *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011) (complaint should not be dismissed if the plaintiff can prove facts which would entitle him to relief).

### D. Slick Slide's FAC More Than Sufficiently Alleges That Defendant's Employees Undertook The Unlawful Acts

There is no requirement for Slick Slide to identify particular employees of Defendant that engaged in the unlawful conduct alleged in the FAC.  And, Defendant does not rely upon any case law that would suggest otherwise.  Despite not being required, the FAC provides precise details of some of the individuals involved, and precisely what they did, and discovery will uncover the remainder of those involved.

For example, Jon Cox of BA NE Charlotte emailed a copy of the '821 patent to Kevin Odekirk and Erin Davis, employees of Defendant. (Dkt. 19, at ¶ 19). With this information, Defendant was put on notice of the '821 patent and that there was a need for legal advice in connection with the Accused Products that Defendant ultimately enticed Defendant's franchisees to purchase and use. *Id.* at ¶¶ 19-20.  That stemmed from the fact that the infringing slides were intended to be a copy of Slick Slide's Launch Slide, which embodies the '821 patent (*Id.* at ¶¶ 23-

15

24), and because Defendant's franchisees wanted to purchase a Slick Slide Launch Slide (*Id.* at ¶ 24).

Zac Wittman is also identified in the FAC. *Id.* at ¶¶ 14, 17, 19. Without discovery, Slick Slide is unaware of Mr. Wittman's precise employment status with Defendant, but is aware and alleged in the FAC that he served as a representative of Defendant or at least represented that he was a representative of Defendant. *Id.*

Again, Defendant does not and could not argue that Slick Slide's allegations must include the identity of the individuals involved, or the precise relationship with Defendant.  And, it is at best disingenuous for Defendant to complain about the lack of such details, because they are asserted in the FAC, and to the extent they are not, they are solely in Defendant's possession.

> **E.  Slick Slide's FAC Need Not Allege Facts To Anticipate Defendant's Defense That Inducement Allegedly Occurred Before The '821 Patent Issued, But Did So Anyway**

Defendant appears to be arguing that its unlawful conduct may have occurred before the '821 patent issued, as a potential defense. (Dkt. 21, at 23-25). As such it bears repeating that the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Howell*, 2020 U.S. Dist. LEXIS 25515, *11; *Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018) ("we accept as true the plaintiffs' well-pleaded factual allegations").  For this reason, "a

16

plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses." *Edmond v. City of Chi.*, Case No. 17-cv-04858, 2018 U.S. Dist. LEXIS 195184, at *23 (N.D. Ill. Nov. 15, 2018); *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).  For example, when a complaint does not plead dates required to determine whether a defense exists, the complaint should not be dismissed. *Id.*

Even though it was not required to do so, Slick Slide properly alleged in the FAC that Defendant's unlawful conduct took place after the '821 patent issued. The FAC describes in great detail that Defendant became aware of Slick Slide's product, the Launch Slide, and also became aware that the Launch Slide is covered by the '821 patent. (Dkt. 19, at ¶¶ 23-24).  The FAC also alleges that, with knowledge of the '821 patent, Defendant coordinated the use of the slides by Big Air Charlotte and Big Air Greenville, designed and sourced the slides, and was responsible for the selection and installation of them. *Id.* at ¶¶ 13-14, 16-17.  That conduct, undertaken with knowledge of the '821 patent, necessarily occurred after the '821 patent issued.  Therefore, contrary to Defendant's argument, the FAC does allege the conduct took place after the '821 patent issued.

Therefore, contrary to Defendant's argument, the FAC does assert that the alleged conduct took place after the '821 patent issued.  At a minimum, when these pled facts are considered in the light most favorable to Slick Slide, those facts at

1   least plausibly demonstrate Defendant engaged in its conduct after the '821 patent

2   issued, and therefore constitutes actual inducement of infringement.

3   **V.    REQUEST FOR LEAVE TO AMEND**

4

5           If the Court is inclined to grant any aspect of Defendant's Motion to

6   Dismiss, Slick Slide also requests leave to amend its FAC.  Leave to amend should

7   be freely granted early in a case. Fed. R. Civ. P. 15(a)(2).  While Slick Slide

8
    contends it is unnecessary, Slick Slide could allege additional facts to remedy any
9
    deficiency identified by the Court.  For example, Slick Slide could explain in
10
11  greater detail the acts of the Defendant that constitute induced infringement, and

12
    those individuals involved in that conduct.
13

14

15  DATED:  July 8, 2024                    By:  /s/ Brett A. Schatz
16                                               Samuel Yu
                                                 Kahana & Feld LLP
17                                               2603 Main Street, Suite 350
                                                 Irvine, CA 92614
18                                               Telephone:  (949) 812-4781
                                                 Facsimile:   (949) 245-7597
19                                               E-mail: syu@kahanafeld.com

20                                               Brett A. Schatz
21                                               Wood Herron & Evans LLP
                                                 600 Vine Street, Suite 2800
22                                               Cincinnati, OH 45202
                                                 Telephone:  (513) 241-2324
23                                               Facsimile:   (513) 241-6234
                                                 E-mail: bschatz@whe-law.com
24
25                                               Attorneys for Plaintiff
                                                 Slick Slide LLC
26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed and served

electronically in compliance with Federal Rule of Civil Procedure 5 and Local

Rule 5-3.2.  As such, this document was served on all counsel who have

consented to electronic service on the date of filing.


Dated:  July 8, 2024                                     Respectfully submitted,

                                                        /s/ Brett A. Schatz
                                                        Brett A. Schatz

---

19