**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00938-DOC-JDEx                                    Date: July 29, 2024

Title: SLICK SLIDE LLC V. BIG AIR FRANCHISING LLC

| | |
|---|---|
| PRESENT: | THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE |

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [21]**

Before the Court is Defendant Big Air Franchising LLC's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion" or "Mot.") (Dkt. 21). The Plaintiff in this case is Slick Slide LLC ("Plaintiff" or "Slick Slide"). The Court finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons explained below, the Court GRANTS the Motion.

**I.      Background**

   **A. Facts**

Plaintiff is a business providing recreational slides for children and adults. First Amended Complaint ("Complaint" or "FAC") (Dkt. 19) ¶ 6. In 2022, the USPTO issued Design Patent No. D973,821 (the "'821 patent") to Plaintiff. FAC ¶ 9. Plaintiff marked its "Launch Slide" project with the '821 patent. *Id.* ¶ 10. The patent depicts an ornamental hood design that encloses the first section of the slide, an ornamental overall slide trajectory, and an ornamental slide exit trajectory at the end of the slide. *Id.* ¶ 26.

Defendant is a franchisor of trampoline and recreational parks. *Id.* ¶ 11. Its franchisees include BA Charlotte, LLC ("Charlotte") and BA NE Greenville, LLC ("Greenville"). *Id.* ¶¶ 12, 15.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00938-DOC-JDEx							Date: July 29, 2024

Page 2

The exact chronology of events is unclear from the Complaint. However, it appears that Plaintiff alleges the following. After Plaintiff secured the '821 patent, some of Defendant's franchisees emailed a copy of the patent to an employee of Defendant, Zac Wittman, on or around February 17, 2023. *Id.* ¶ 19. Despite Wittman's knowledge that the design of the Slick Slide was protected, Wittman coordinated with an overseas manufacturer to create a slide that had similar ornamental features to the Slick Slide, and enticed the franchisees to purchase, install, and use the slide. *Id.* ¶¶ 14-23.

Plaintiff alleges that Defendant therefore induced its franchisees to infringe on the '821 patent. *Id.* ¶ 27.

### B. Procedural History

Plaintiff filed the Complaint against Defendant on May 1, 2024, then filed the First Amended Complaint six weeks later. Plaintiff alleged one count of inducement of patent infringement. *See generally* FAC. Defendant filed the instant Motion two weeks later. Plaintiff filed its Opposition to Motion to Dismiss Plaintiff's First Amended Complaint ("Opp.") (Dkt. 22) two weeks later. Plaintiff filed its Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint ("Reply") (Dkt. 23) a week later.

### II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00938-DOC-JDEx            Date: July 29, 2024

Page 3

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

**III. Discussion**

Defendant moves to dismiss Plaintiff's one cause of action for induced patent infringement. Defendant argues that Plaintiff does not state a claim because it does not adequately allege that Defendant knew that the accused slides infringed on the '821 patent—a necessary element of induced patent infringement.

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To be liable for induced infringement, the inducer must know "that the induced act constitutes patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 642 (2015) ("[Induced infringement] requires proof that the defendant knew the acts were infringing."). This knowledge requirement can be satisfied by either actual knowledge or willful blindness. "Willful blindness is a standard of limited scope that surpasses recklessness and negligence." *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1118 (Fed. Cir. 2022) (internal quotations omitted). It has "two basic requirements: (1) The defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769.

Plaintiff argues that the allegedly inducing acts were done knowingly because, before Defendant encouraged its franchisees to install the accused slides, he had received an email regarding the '821 patent.[1] However, Plaintiff does not plead the content of the

---

[1] As referenced above, the FAC could also be read to suggest that Wittman received the email after he committed his allegedly inducing acts. Under this version of events, the FAC does not state a claim for induced infringement, because a defendant must have knowledge of the patent at the time he committed the allegedly infringing acts. *Cf. See Nat'l Presto Indus., Inc. v. W.*

Case 8:24-cv-00938-DOC-JDE   Document 26   Filed 07/29/24   Page 4 of 4   Page ID #:179

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00938-DOC-JDEx							Date: July 29, 2024

Page 4

email with any specificity. Plaintiff only conclusorily states that the email put Defendant on notice that the accused slides may infringe. Such a threadbare recital does not suffice. For example, in *Superior Indus., LLC v. Thor Global Enters. Ltd.*, the plaintiff alleged that the defendant's allegedly inducing acts were done with knowledge that the induced act would infringe on their patent. 700 F.3d 348 (Fed. Cir. 2012). The basis of the defendant's alleged knowledge was a "written notice of alleged infringement" from the plaintiff to the defendant. *Id.* at 1295. The Federal Circuit affirmed dismissal of the complaint, reasoning that these communications alone did not "support a reasonable inference that [the defendant] specifically intended to induce infringement…or that it knew it had induced acts that constitute infringement." *Id.* at 1296.

The FAC likewise does not allege facts bridging the gap between the email and Defendant's alleged knowledge that the accused slides infringe on the '821 patent. The FAC does not allege, for example, that the email contained a legal analysis indicating that the accused slides might infringe. Nor does the FAC include any facts to substantiate its allegation that Wittman subjectively believed that the '821 patent was enforceable and that the accused slides copied its protectible elements. That Wittman was merely informed of the patent does not support an inference that he subjectively knew the accused slides would infringe on the '821 patent. *See id.* Therefore, the FAC does not adequately allege that Defendant knew that the induced acts would result in patent infringement.

Accordingly, the FAC does not state a claim for induced infringement.

IV.   **Disposition**

For the foregoing reasons, the Court **GRANTS** the Motion. The FAC is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted **7 DAYS LEAVE TO AMEND**.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu

---

*Bend Co.*, 76 F.3d 1185, 1196 (Fed. Cir. 1996) (finding no liability where the inducing acts occurred before the patent existed).